U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY - 4 2011

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| COREY MITCHELL, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:11-CV-013-A |
| | § | (NO. 4:08-CR-147-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Corey Mitchell, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the government's response, the entire record of this case, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

Movant on November 14, 2008, pleaded guilty to one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(B). On February 27, 2009, the court sentenced movant to a total of 170 months' imprisonment, to be followed by a four-year term of supervised release. On January 4, 2010, the United States Court of Appeals

for the Fifth Circuit affirmed movant's conviction and sentence. United States v. Mitchell, 360 F. App'x 520 (5th Cir. 2010).

II.

Grounds of the Motion

Movant's only ground raised in the motion is his claim that he received ineffective assistance of counsel. As the factual basis for his claim, movant contends:

> Counselor failed to object to the incorrect criminal history category. Prior to my current conviction, I (movant "Corey Mitchell") only had three simple possession (misdemeanor) charges yet the criminal history category did not reflect the nature of the prior offenses. Instead, the criminal history category inflated the prior offenses.

Mot. at 7.

III.

Analysis

To prevail on a claim of ineffective assistance of counsel, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 687. The court need not address

2

both components of an ineffective assistance of counsel claim if movant makes an insufficient showing as to one. <u>Id.</u> at 697. To show prejudice in the context of a guilty plea, movant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

Judicial scrutiny of this type of claim must be highly deferential, and the movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689. Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because he has failed to meet the standard set forth by <u>Strickland</u>.

The presentence report assessed movant's total criminal history score at seven, resulting in a criminal history category of IV. The basis of his criminal history category included one point for a February 16, 2006, conviction for possession of marijuana; two points for an August 17, 2006, conviction for possession of marijuana in September 2005; one point for an August 17, 2006, conviction based on a November 2005 arrest for possession of a dangerous drug; and one point for a February 21, 2007, conviction for unlawful carrying of a weapon. Movant was

3

assessed two additional points for committing the instant offense less than two years after his release from imprisonment on the aforementioned convictions.

Movant contends his counsel was ineffective for failing to object to the incorrect criminal history category, and claims that the criminal history category does not reflect the nature of the offenses. However, movant fails to identify precisely the alleged errors in the presentence report, or which of the offenses is cited incorrectly therein, or what should be eliminated or amended as to his prior offenses, or what the corrected criminal history calculations should be. In short, all of movant's contentions are conclusory and unsupported by factual evidence or even by specific factual allegations. Such conclusory allegations are insufficient to prove claims of ineffective assistance of counsel. <u>Miller v. Johnson</u>, 200 F.3d 274, 282 (5th Cir. 2000).

V.

ORDER

Therefore,

The court ORDERS that the motion of Corey Mitchell to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED May 4, 2011.

_____
JOHN McBRYDE
United States District Judge